| UNITED STATES DISTRICT COURT | For Online Publication Only |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------X
DAWN DIPPELL,

        Plaintiff,

        -against-                                  **ORDER**
                                                    15-CV-2548 (JMA) (GRB)

THE COUNTY OF NASSAU, NEW YORK,

        Defendant.
-----------------------------------------------------------X

**AZRACK, United States District Judge:**

      On May 5, 2015, pro se plaintiff Dawn Dippell filed this suit against defendant the County of Nassau ("the County") alleging, under 42 U.S.C. § 1983, various violations of her civil rights. Plaintiff's allegations principally stem from her arrests on August 25, 2013 and on February 2, 2015, and her related prosecution and incarceration. On February 24, 2015, plaintiff pled guilty to one count of attempted assault and one count of assault. (Feb. 24, 2015 Plea Tr., Decl. of Kevin Palmieri Ex. B, ECF No. 18.)

      On May 22, 2015, the County moved to dismiss the complaint based on improper service. On June 8, 2015, plaintiff filed a motion to stay and/or vacate her criminal conviction. According to plaintiff, on June 26, 2015, she was sentenced to "'Life' in the County Jail." (Habeas Pet. at 3, ECF No. 22.) On August 13, 2015, plaintiff was sent to the Mid-Hudson Forensic Psychiatric Center. (Id.) On December 2, 2015, plaintiff filed a petition for habeas corpus.

      As explained below, the Court agrees with the County that plaintiff failed to properly serve the County. However, the Court grants plaintiff until May 1, 2016, to properly serve the County. If plaintiff fails to properly serve the County by May 1, 2016, the Court will dismiss

1

this suit without prejudice. Because plaintiff's habeas petition does not name the proper respondent, plaintiff is directed to file an amended habeas petition by May 1, 2016, under a new docket number. Finally, because plaintiff has not properly served the County, the Court denies plaintiff's motion to vacate, which is, in any event, meritless because a § 1983 action is not the appropriate vehicle in which to seek vacatur of plaintiff's state court criminal conviction.

**1. The County's Motion to Dismiss for Improper Service**

Plaintiff, who did not seek in forma pauperis status, served a copy of her complaint on the Nassau County District Attorney's Office (the "Nassau County DA") on May 11, 2015. The County asserts that service on the Nassau County DA is not proper service on the County.

Under Federal Rule of Civil Procedure 4(j)(2), service on a local government requires either: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Because option (A) is clearly inapplicable here, the Court turns to the relevant state law, N.Y. C.P.L.R. ("CPLR") § 311(a)(4), which provides that "[p]ersonal service upon a . . . governmental subdivision shall be made by delivering the summons . . . upon a county, to the chair or clerk of the board of supervisors, clerk, attorney or treasurer." The Court has not located any state or federal decision addressing the question of whether, under § 311(a)(4), service on the district attorney for a county qualifies as service on the County's "attorney."

Based on the language in CPLR § 311(a)(4), the Court concludes that the term "attorney" in § 311(a)(4) refers to the Nassau County Attorney, not the Nassau County DA.

"Because service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service." Pierce v. Village of

2

Horseheads Police Dep't, 970 N.Y.S.2d 95, 97–98 (N.Y. App. Div. 3d Dep't 2013). Here, the Court has concluded that CPLR § 311(a)(4) requires service on the Nassau County Attorney–accordingly, plaintiff's service on the Nassau County DA was insufficient. See id. (holding that delivery of complaint to "a secretary at the private law office where the County Attorney was also a partner was ineffective"); see also Schaeffer v. Village of Ossining, 58 F.3d 48, 49 (2d Cir. 1995) (holding that service of complaint against village on the village's intermediate account clerk was improper because under CPLR § 311(6), "service on a village may be accomplished only by delivering a copy of the summons and complaint to the 'mayor, clerk, or any trustee'"); Reese v. Village of Great Neck Plaza, 546 N.Y.S.2d 889, 889 (N.Y. App. Div. 2d Dep't 1989) (finding service improper under CPLR § 311(6) where plaintiff served a receptionist at the village and instructed the receptionist to forward the papers to the Village Attorney); cf. Stanley v. Prop. Clerk of Police Dept. of Town of Ramapo, 405 N.Y.S.2d 763, 764 (N.Y. App. Div. 2d Dep't 1978) (holding that plaintiff's service of an in forma pauperis motion on the district attorney was improper under N.Y. C.P.L.R. § 1101, which requires that notice of such motions be given to the "county attorney").

The Court notes that plaintiff could have easily remedied the defect in service that the County raises by properly serving the County Attorney with the complaint. Instead, after the County moved to dismiss, plaintiff filed a 29-page single-spaced response to the County's motion to dismiss along with a 57-page single-spaced motion to stay and set aside her criminal conviction.

Finally, plaintiff's opposition to the motion to dismiss states that "I'm suing the Nassau County District Attorney, so in reality it is improper service to serve another party of the County's government such as the County Attorney." (Pl.'s Addendum to Answer Notice of Mot.

at 3, ECF No. 16.) This argument is irrelevant to the question of whether service on the County is proper under CPLR § 311(a)(4). Moreover, the Nassau County DA is not named as a defendant in plaintiff's complaint.

Because service was improper, the next question is whether this suit should be dismissed.

Federal Rule of Civil Procedure 4(m) states that if a defendant is not served within 120 days after the complaint is filed:

> the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.[1]

Although plaintiff has not requested an extension of time or established good cause, the Court concludes that, in light of all of the circumstances, including plaintiff's pro se status, the Court will extend the time for plaintiff to properly serve the County until May 1, 2016. If plaintiff fails to properly serve the County by May 1, 2016, the Court will dismiss plaintiff's complaint without prejudice.

**2. Dippell's Habeas Petition**

Dippell has also filed, on the docket for this § 1983 action, a petition for habeas corpus. When filing a petition for habeas corpus, the petitioner must name as a respondent "the state officer who has custody" of the petitioner. Rules Governing § 2254 Cases, Rule 2, 28 U.S.C. foll. § 2254. Dippell is directed to file an amended petition naming the proper respondent. Also, Dippell, who has not filed for in forma pauperis status, has not paid the necessary $5 filing fee for a petition for writ of habeas corpus. 28 U.S.C. § 1914.

---

[1] Prior to December 1, 2015, Rule 4(m) provided that the plaintiff must serve the defendant within 120 days. That time period was shortened to 90 days by an amendment to Rule 4(m), which took effect on December 1, 2015. This distinction is ultimately immaterial in this case as more than 120 days have elapsed since plaintiff filed her complaint.

Dippell must file an amended petition by May 1, 2016. The amended petition must be filed as a new case under a different docket number than plaintiff's current § 1983 suit. Failure to file an amended petition by May 1, 2016, will result in the dismissal of plaintiff's habeas petition without prejudice.

The Court notes that it is not clear if plaintiff's confinement at Mid-Hudson Forensic Psychiatric Center is the result of a civil commitment or plaintiff's criminal conviction. A petition under 28 U.S.C. § 2254 is the appropriate vehicle to challenge both a criminal conviction and an involuntary civil commitment by a state. See Duncan v. Walker, 533 U.S. 167, 176 (2001); Buthy v. Comm. of Office of Mental Health of New York State, 818 F.2d 1046, 1051–51 (2d Cir. 1987). In order to bring a habeas petition under § 2254, the petitioner must first exhaust available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). If plaintiff files an amended petition, she must explain to the Court how she has exhausted her state remedies.

**3. Motion to Stay or Vacate Criminal Conviction**

In plaintiff's § 1983 suit, plaintiff filed a motion to stay and/or vacate her conviction. Because the County has not been properly served, the Court denies plaintiff's motion.

In any event, plaintiff's motion is precluded by the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475 (1973). Generally, an action under § 1983 is not the appropriate vehicle in which to seek vacatur of a state court criminal conviction; rather, the "appropriate procedure for that relief is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254." Beasly v. Rosenblum, No. 05-CV-1381, 2005 WL 1984461, at *2 (E.D.N.Y. Aug. 17, 2005) (citing Preiser, 411 U.S. 475); see also Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (explaining that "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment 'only if it is shown that there is no possibility that any collateral legal

consequences will be imposed on the basis of the challenged conviction'") (quoting Sibron v. New York, 392 U.S. 40, 54–56 (1968)).[2]

**4. Conclusion**

For the reasons stated above, the Court concludes that plaintiff failed to properly serve the County. The Court, however, grants plaintiff until May 1, 2016, to properly serve the County. If plaintiff fails to properly serve the County by May 1, 2016, the Court will dismiss this suit without prejudice. Because plaintiff's habeas petition does not name the proper respondent, plaintiff is directed to file an amended habeas petition by May 1, 2016. The amended petition must be filed as a new case under a different docket number than plaintiff's current § 1983 suit. Finally, the Court denies plaintiff's motion to stay/vacate her conviction.

The Clerk of Court is directed to mail a copy of this order to Dawn Dippell, 101 Altamont Avenue, Sea Cliff, NY 11579, and to Dawn Dippell #13188, Ward 21, Mid-Hudson FPC, P.O. Box #158, 2834 Route 17-M, New Hampton, NY 10958.[3]

Dated: March 31, 2016
Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE

---

[2] Other than Dippell's representation that she was sentenced to "life," the current record does not provide any further information about the criminal sentence she received.

[3] Prior to plaintiff's confinement at the Mid-Hudson Forensic Psychiatric Center, plaintiff consented to receiving electronic notifications from the Court and also informed the Court that 101 Altamont Avenue, Sea Cliff, NY 11579 is her address. In an abundance of caution, the Court has sent a hard copy of this Order to both addresses. The Court reminds plaintiff that, if her address changes, she must inform the Court of that change and request that her address be updated accordingly on the Court's docket.