```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X                    For Online Publication Only
DAWN DIPPELL,

                    Plaintiff,

        -against-                                       **MEMORANDUM & ORDER**
                                                        15-CV-2548 (JMA) (AYS)
COUNTY OF NASSAU, NEW YORK,

                    Defendant.
──────────────────────────────────X
```
**AZRACK, United States District Judge:**

Pro se plaintiff Dawn Dippell ("Plaintiff") commenced this action against the County of Nassau, New York (the "County" or "Defendant"), alleging claims under 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 49.) For the reasons stated below, the Court grants Defendant's motion and dismisses Plaintiff's Complaint in its entirety.

## I. BACKGROUND

Plaintiff filed the Complaint on May 5, 2015. Shortly thereafter, Defendant moved to dismiss for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 6.) After the Court granted Defendant's 12(b)(5) motion, affording Plaintiff an extension to serve Defendant, (ECF No. 23), Plaintiff effectuated service in late-April 2016. Defendant then filed a pre-motion conference letter to dismiss pursuant to Rule 12(b)(6). (ECF No. 31.) In response, Plaintiff filed a letter indicating she wished to stay this case until her separate habeas petition was resolved. (ECF No. 32.) Accordingly, when Plaintiff ultimately withdrew her habeas petition, the Court directed her to respond to the substance of Defendant's pre-motion conference letter on March 15, 2017. After Plaintiff responded with a largely nonsensical letter dated April 11, 2017, (ECF No. 33), the Court issued a scheduling order for Defendant's motion to dismiss.

Plaintiff was arrested on or around August 23, 2013 and February 6, 2014.[1] She challenges the validity of the arrests and alleges excessive force was used during and immediately following her arrests. (See Compl.) She also raises claims about her subsequent prosecution. (Id.) However, Plaintiff admits that she pled guilty on February 24, 2015, which is corroborated by the criminal records appended to the Complaint. (Compl. ¶ 2; see also ECF No. 1-1 at 6.)

In her filings, Plaintiff makes various outlandish claims, including that she was "an unpaid decoy for a federal probe" that was investigating Nassau County police officers who were cloning the RFID of mobile phones. (Compl. ¶ 9; see also id. ¶ 100.) In connection to her purported work in this "federal probe," Plaintiff makes fantastical claims about some biometric project affecting national security. (See Pl.'s Opp. Mem., ECF No. 52 at 2, 4.[2]) She also makes a completely outrageous claim that due to the purported FBI investigation, the Police Commissioner of Nassau County "had a technology used on him that rendered him mentally incompetent." (Id. at 3.) Along the same vein, she contends that she was arrested by impersonators and suggests that they were "committing crimes often with the Kremlin delegating orders." (Id. at 6–9; see also Compl. ¶ 10.)

As discussed below, Plaintiff has failed to plausibly allege a claim of municipal liability against the County pursuant to Section 1983. Furthermore, any Section 1983 claims regarding her prosecution are barred by her guilty plea. Accordingly, the Complaint is dismissed in its entirety.

## II. DISCUSSION

### A. Standard of Review

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest

---

[1] Plaintiff asserts she was arrested on February 7, 2014. However, the state court records appended to the Complaint indicate that she was arrested on February 6, 2014.

[2] Pincites to this document refer to the ECF-generated pagination.

arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

**B. Plaintiff Has Failed to State a Section 1983 Claim**

Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). "[T]o state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." Eagleston v. Guido, 41 F.3d 865, 876 (2d Cir. 1994) (quotations and citation omitted); see also Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).

However, a municipality, such as the County, can only be held liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir.

2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (holding governmental bodies are not vicariously liable for their employees' actions under Section 1983); Los Angeles County, California v. Humphries, 562 U.S. 29, 36 (2010) ("'[A] municipality cannot be held liable' solely for the acts of others, e.g., '*solely* because it employs a tortfeasor.'") (emphasis in original) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978)).

Accordingly, to prevail on a Section 1983 claim against a municipality based on acts of an individual, Plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 563 U.S. at 60–61 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting Monell, 436 U.S. at 691).

Moreover, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Jones, 691 F.3d. at 81 (internal citations omitted). Instead, to show that an official policy of the municipality caused an injury that resulted from a non-policymaking employee's act, a plaintiff must show: (1) the acts "were done pursuant to municipal policy"; (2) the acts "were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware"; (3) "a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses"; or (4) "a policymaking official ordered or ratified the employee's actions–either expressly

4

or tacitly." Id. (internal citations omitted).

Here, the only defendant identified in the Complaint is the County. However, the Complaint is devoid of any factual allegations from which it may reasonably be inferred that a policy, custom, or usage of the County caused the conduct of which Plaintiff complains. (See generally, Compl.) Plaintiff generally complains about her arrests and her state prosecution, but in no way alleges that the County had a policy, custom, or usage that caused any purported constitutional injury. Thus, the Complaint fails to state a plausible Section 1983 claim against the County for municipal liability.

Furthermore, the Court finds that, as a result of Plaintiff's guilty plea in state court, her claims challenging the validity of her prosecution are barred by Heck v. Humprey, 512 U.S. 477 (1995). It is well-established under Heck that a plaintiff must allege and prove that her state court conviction or sentence has been invalidated before she can seek and recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated [. . .] is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486–87).

Accordingly, Defendant's motion to dismiss is granted and the Complaint is dismissed in its entirety.[3]

## C. Leave to Amend

Pro se plaintiffs are ordinarily given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "'leave to amend a complaint may be denied when amendment would be futile.'" Byng v. Delta Recovery Servs. LLC, 568 F. App'x

---

[3] Due to the dismissal of Plaintiff's federal Section 1983 claims, the Court declines to exercise supplemental jurisdiction over any state law claims.

5

65, 66 (2d Cir. 2014) (quoting <u>Tocker v. Philip Morris Cos.</u>, 470 F.3d 481, 491 (2d Cir.2006)).

Here, Plaintiff states no less than five times in her opposition that she does not want to amend the Complaint:

1. "Ms. Ben-Sorek suggests I might want to amend my Complaint. She is wrong." (Pl.'s Opp. Mem., at 3.)

2. "[A]gain, I have no intention to file an amended complaint." (<u>Id.</u> at 5.)

3. "I have no intention of amending the lawsuit." (<u>Id.</u> at 8.)

4. "I consider my Complaint to be thorough, and in no need of amendment." (<u>Id.</u>)

5. "[A]gain, I don't want to amend it." (<u>Id.</u>)

Given Plaintiff's emphatic and repeated statements that she does <u>not</u> want to file an amended complaint, the Court declines to grant leave to amend. Furthermore, as any claims related to the validity of her prosecution are barred by <u>Heck</u>, the Court denies leave to amend these claims as futile. Finally, the Court notes that any Section 1983 claims against individuals related to the circumstances of Plaintiff's arrests may be time-barred, which would also render any amended complaint on these claims futile.[4]

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted, Plaintiff's Complaint is dismissed in its entirety, and leave to amend is denied.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should she seek <u>in forma pauperis</u> status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

---

[4] While Plaintiff complains about Defendant's various requests for extensions of time to file its 12(b)(6) motion to dismiss, (Pl.'s Opp. Mem., at 9), it appears that any other Section 1983 claims would have already been time-barred prior to any of Defendant's requests for extensions of time.

6

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff and to close this case.

**SO ORDERED.**

Dated: September 30, 2019
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE